IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VICTOR CHARLES ZERBY,
      Plaintiff,

vs.                                   Case No.: 3:09cv75/LAC/EMT

FLORIDA DEPT. OF CORRECTIONS, et al.,
      Defendants.
_____/

## ORDER

      This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 5).

      Upon review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to the named Defendants.  The court will therefore allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

      Plaintiff, an inmate at the Santa Rosa Correctional Institution (SRCI), names the Florida Department of Corrections (DOC), SRCI, and Walter McNeil, Secretary of the DOC, as Defendants in this action (Doc. 1 at 1, 2).  He alleges several unrelated claims against Defendants.  In his first claim, Plaintiff contends the administrative grievance procedure, as well as conduct by prison officials at SRCI, violate his due process rights.  Plaintiff states he filed a civil complaint in state court in 2007 concerning civil rights violations by prison officials at SRCI (*id.* at 8).  Plaintiff contends he was unable to demonstrate his efforts to pursue administrative remedies because DOC policy does not require officials to provide an inmate with a copy of his grievance until the grievance is answered, and prison officials at SRCI refused his request for a copy of each grievance; therefore, he was unable to establish a paper trail of his attempts to utilize the administrative remedy process (*id.* at 8–9).  As a result, his state court case was dismissed on the ground that he failed to exhaust

administrative remedies (*id.*).  Plaintiff contends the failure to provide copies of grievances denied him due process (*id.* at 13).

As his second claim, Plaintiff contends prison officials at SRCI violated his Eighth Amendment rights by failing to treat his liver disease, Hepatitis C (*id.* at 9, 13).  Plaintiff states he completed a medical screening form when he arrived at SRCI in September of 2007, indicating that he had been recently diagnosed with the disease and requesting treatment, but he was told there was no available treatment (*id.*).  Plaintiff states he filed grievances concerning this issue, but he never received a response (*id.*).  Plaintiff states he has been in pain, and he still has not received treatment for the disease (*id.*).  Plaintiff states he is aware that treatment options exist, for example, interferon injections, but prison medical staff told him he looks "fine," and they refuse to biopsy his liver to determine how to treat the disease (*id.* at 10).

As Plaintiff's third claim, he claims the food preparation practices in the kitchen at SRCI pose a risk of harm to his health, in violation of the Eighth Amendment (*id.* at 11, 13).  Plaintiff states he observed inmates serving food without gloves, inmates wearing the same clothing in the kitchen that they play and lounge in, inmates not wearing hair nets, inmates talking over food, and inmates not properly cleaning vegetables (*id.* at 11).  Plaintiff states he has been sickened by the food, and in March of 2008, SRCI was placed on lock-down status because hundreds of people were sickened by the unsafe food preparation practices (*id.*).  Plaintiff states the situation briefly improved after he filed grievances, but it has now returned to its original state, and he suffers constant stomach pain (*id.* at 12).

As his final claim, Plaintiff contends his right to access the courts, right to remain silent, and right to defend himself have been violated.  He states that when he arrived at SRCI, he had warrants pending against him in the State of California (*id.* at 12).  He states the library staff at the SRCI frustrated his efforts to resolve his legal issues by refusing to photocopy Plaintiff's grievances and refusing to copy his court filings unless inmate law clerks first read them (*id.*).  Plaintiff states he was forced to copy the documents by hand (*id.*).  Plaintiff also states he wished to send documents by certified mail, but that service was not available (*id.*).  Additionally, Plaintiff complains that prison policy requires officials to stamp all outgoing mail to certify that it was inspected for contraband, but prison officials in his cell block additionally read the mail, including his legal mail

(*id.*).  Plaintiff contends this conduct violates his First Amendment right to access the courts, his Fifth Amendment right to remain silent (by virtue of his legal mail being read), and his Sixth Amendment right to defend himself in court (*id.* at 13).

As relief, Plaintiff seeks compensatory, punitive, and nominal damages, as well as injunctive relief in the form of an order requiring prison officials to treat his liver condition (*id.*).

Initially, Plaintiff is advised that Santa Rosa Correctional Institution has no independent corporate existence. It is, instead, simply part of the state correctional system operated by the Department of Corrections.  *See* Fla. Stat. § 944.02(1) (2008).  The DOC has supervisory and protective care, custody and control over all matters pertaining to all prisons and other state correctional institutions, including SRCI.  *See* Fla. Stat. § 945.025 (2008).  Accordingly, Santa Rosa Correctional Institution is not a suable entity, and Plaintiff should drop the institution as a Defendant or all claims purportedly against it will be dismissed.

Additionally, Plaintiff must clarify whether he intends to name Secretary McNeil as a Defendant in this action.  Although Plaintiff lists Secretary McNeil in the style of the case, he does not list him in the "Defendants" section of the complaint form (*see* Doc. 1 at 1, 2).  Additionally, Secretary McNeil is not mentioned in the factual allegations of the complaint or the statement of claims.  Therefore, Plaintiff must clearly indicate whether he intends to name Secretary McNeil as a Defendant and, if so, he must provide factual support for his claims against this Defendant.

In determining whether to name Secretary McNeil, Plaintiff is advised that supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.  *See* Cottone v. Jenne, 362 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted).  Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation.  *Id.* (citation omitted).  This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act

unlawfully and failed to stop them from doing so.'" *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999).

Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration . . . .'" Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11h Cir. 2006) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)). Furthermore, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied. Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994). The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur. *See* Harris v. City of Marion, 79 F.3d 56, 58–59 (7th Cir. 1996). Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 362 F.3d at 1360 (internal quotation marks and citation omitted).

In the instant case, all of the conduct of which Plaintiff complains was committed by officials at SRCI. Plaintiff does not allege facts suggesting that Secretary McNeil personally participated in any of the alleged constitutional violations, that there was a history of widespread abuse that put Secretary McNeil on notice of the need to correct the alleged deprivations, or that Secretary McNeil directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. Furthermore, although Plaintiff mentions DOC policy in two of his claims (his due process claim in which he states that DOC policy does not require prison officials to provide copies of grievances to inmates until the grievance is answered, and his last claim in which he mentions a policy that requires the inspection and stamping of outgoing mail), he has failed to show that the policy itself caused the alleged violation, as opposed to the conduct of individual

prison officials.  Unless Plaintiff states sufficient facts to provide a basis for liability as to Secretary McNeil, he should drop him as a Defendant.  Likewise, to the extent Plaintiff seeks to hold the DOC liable simply because it is the employer of correctional officers at SRCI, this is not a basis for liability under § 1983.

Finally, Plaintiff is advised that the Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities.  Edelman v. Jordan, 415 U.S. 651, 662–63, 94 S. Ct. 1347, 1355–56, 39 L. Ed. 2d 662 (1974).  Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits Plaintiff's suit against the State in federal court.  Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).  Therefore, Plaintiff's claims for monetary damages against the DOC and Secretary McNeil in his official capacity are subject to dismissal.

In amending his complaint, Plaintiff should carefully review the foregoing to determine whether the facts of his case satisfy the standards for asserting constitutional claims.  If Plaintiff determines he wishes to proceed with this action, he must file an amended complaint clarifying his allegations.  Plaintiff shall completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts.  In the section entitled "Statement of Claim," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations.  Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this court.  Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.

Accordingly, it is **ORDERED**:

1.      The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use in actions under 42 U.S.C. § 1983.  This case number should be written on the form.

2.      Plaintiff shall have **THIRTY (30) DAYS** in which to file an amended civil rights complaint, which shall be typed or clearly written, submitted on court form, and marked "Amended Complaint."

3.      Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this 23rd day of March 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**