IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VICTOR CHARLES ZERBY,
    Plaintiff,

vs.                                                Case No.: 3:09cv75/LAC/EMT

FLORIDA DEPT. OF CORRECTIONS, et al.,
    Defendants.
_____/

## **ORDER**

        This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 7). Leave to proceed in forma pauperis has been granted.

        Upon review of the amended complaint, it is evident that Plaintiff failed to follow the instructions on the complaint form in that he has included allegations of constitutional violations that are not related to the same basic incident or issue. The court will therefore require Plaintiff to correct this error in a second amended complaint.

        Plaintiff, an inmate at the Santa Rosa Correctional Institution (SRCI), names six Defendants in this action: the Florida Department of Corrections (DOC); Walter McNeil, Secretary of the DOC; "Correctional Medical Authority," the medical department at SRCI; Warden Ellis, the warden of SRCI; Ms. Brown, the supervisor of the law library at SRCI; and Ms. Smith, the supervisor of the kitchen at SRCI (Doc. 7 at 1, 2). He alleges several unrelated claims against Defendants. In his first claim, Plaintiff contends the DOC's administrative grievance procedure, as well as conduct by Warden Ellis, violates his First Amendment and due process rights (*id.* at 8). Plaintiff states DOC policy requires inmates to place grievances into a designated box to be retrieved by a prison official at a later time, which does not enable the inmate to obtain a receipt or proof of mailing of the grievance (*id.*). Plaintiff states this policy enables prison officials, including Warden Ellis, to ignore inmate grievances or claim that grievances were never filed, thus preventing inmates from

establishing a "paper trail" for purposes of demonstrating exhaustion of administrative remedies when filing lawsuits concerning conditions of confinement (*id.* at 8–9). Plaintiff seeks injunctive relief in the form of an order requiring the DOC to change its grievance procedure to require that an inmate receive a receipt upon filing a grievance (*id.* at 9). He also seeks an order requiring the DOC to remove liens placed on his inmate bank account for all legal matters pertaining to unanswered grievances (*id.* at 9, 16).

As his second claim, Plaintiff contends Warden Ellis violated his First, Fifth, and Sixth Amendment rights by failing to properly train officers as to the DOC policy concerning the handling of legal mail (*id.* at 10–11). Plaintiff states DOC policy requires that mail be inspected for contraband and stamped with an institutional stamp prior to mailing, but the policy does not state that legal mail must be stamped, and despite this policy, officers at SRCI stamp his legal mail and sometimes read it prior to stamping it (*id.* at 10). Plaintiff contends this "defacing" of legal mail could pose a threat to the legality of the document, depending on the court in which it is filed (*id.* at 11). Plaintiff concedes that most courts in the State of Florida appear to accept documents even tough they bear the institutional stamp, but other courts may not, and he cannot afford to take that chance (*id.*). Plaintiff requests injunctive relief in the form of an order requiring Warden Ellis to designate an office of trained personnel to handle all legal mail and to refrain from defacing legal mail with the institutional stamp (*id.* at 11, 16).

As Plaintiff's third claim, he claims the food preparation practices in the kitchen at SRCI pose a risk of harm to his health, in violation of the Eighth and Fourteenth Amendments (*id.* at 12–13). Plaintiff states that since September of 2007, Defendant Smith has been failing to ensure safe food handling practices, which has resulted in inmates receiving dirty, rotten, and inedible food, especially potatoes (*id.* at 12). Plaintiff states he has been repeatedly sickened by the food, and in March of 2008, SRCI was placed on lock-down status because hundreds of people were sickened by the unsafe food preparation practices and rotten food (*id.*). He additionally states he has lost twenty pounds since he has been incarcerated due to the fact that food portions have been reduced and he is unable to eat some of the food because it is inedible (*id.*). Plaintiff states he filed several grievances with Defendant Smith, Warden Ellis, and Secretary McNeil, but unhealthy food is still being served (*id.* at 12–13). Plaintiff seeks monetary damages resulting from his being sickened by

bad food, as well as injunctive relief in the form of an order requiring that potatoes be substituted with another food of equal nutritional value (*id.* at 13, 16).

As his fourth claim, Plaintiff contends his right to access the courts and to remain silent, guaranteed by the First Amendment, have been violated. He states that from September of 2007 to July of 2008, Defendant Brown, the supervisor of the law library, refused to provide him copies of documents to file with the courts, thereby forcing him to handwrite the copies (*id.* at 14). He additionally states she refused to provide him "white-out" and typing services (*id.*). Plaintiff states Warden Ellis was notified of these violations through Petitioner's grievances, but he simply forwarded the grievances to Defendant Brown for a response (*id.*). He states Secretary McNeil was also notified of the alleged violations, but he did nothing to remedy them (*id.*). As relief, Plaintiff seeks punitive damages for the alleged constitutional violations (*id.*).

As his final claim, Plaintiff contends the medical staff violated his Eighth Amendment rights by failing to treat his liver disease, Hepatitis C (*id.* at 15). Plaintiff states the medical staff at SRCI have been aware of his disease since his arrival at SRCI in September of 2007, but he has been told there is no available treatment (*id.*). Plaintiff states his last blood test revealed that his disease has worsened, but he still has not received treatment (*id.*). Plaintiff states he filed grievances concerning this issue, but he never received a response (*id.*). As relief, Plaintiff seeks monetary damages for pain and suffering due to the irreversible damage to his liver that has resulted from the medical staff's failure to treat his disease (*id.* at 15, 16).

It is clear from a review of Plaintiff's amended complaint that his claims against Defendant Smith are unrelated to his claims against Defendant Brown, and his claims against each of these Defendants are unrelated to his claims against the medical staff. Persons cannot be joined in one action as Defendants unless Plaintiff's claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences **and** the claims share a common question of law or fact. *See* § 1983 complaint form, Section VI; Fed. R. Civ. P. 20. Here, Plaintiff's claims against Defendant Smith concerning the allegedly unsafe food are not related to Plaintiff's claim against Defendant Brown concerning her alleged denial of Plaintiff's right to access the courts, and both of these claims are unrelated to Plaintiff's claims against the medical staff for failing to treat his liver disease. Additionally, all three of these claims are unrelated to Plaintiff's claims concerning the

improper handling of his legal mail, and none of these claims is related to the allegedly inadequate grievance procedure of the DOC. Therefore, each of Plaintiff's claims must be addressed in separate civil rights complaints.

In amending his complaint, Plaintiff should determine which incident or issue he desires to litigate in this action, and present only that claim and those which: (1) arise out of the same transaction or occurrence as that claim **and** (2) share a common question of law or fact with that claim. Plaintiff must completely fill out a new civil rights complaint form, marking it "**Second Amended Complaint**." He should name as Defendants only those persons who are responsible for the alleged constitutional violation asserted in the complaint. Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1.

Plaintiff should file the amended complaint with an original signature and keep an identical copy for himself. He should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint, except for copies of necessary administrative grievances. The court will notify Plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, Plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, Plaintiff is advised that discovery is premature at this stage of the case, and Plaintiff should not do any discovery without leave of court.

Accordingly, it is **ORDERED**:

1. The clerk shall send Plaintiff a form for use in civil rights cases filed by prisoners. This case number should be written on the form.

Case No. 3:09cv75/LAC/EMT

2.	Within **THIRTY (30) DAYS** from the date of docketing of this order Plaintiff shall file a second amended complaint that complies with this order.  Plaintiff should completely fill out the new complaint form, marking it "Second Amended Complaint."

3.	Plaintiff's failure to comply with this order may result in a recommendation that this case be dismissed.

**DONE AND ORDERED** this 28th day of May 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**