IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VICTOR CHARLES ZERBY,
    Plaintiff,

vs.                                                Case No.: 3:09cv75/LAC/EMT

FLORIDA DEPT. OF CORRECTIONS, et al.,
    Defendants.
_____/

## ORDER

This cause is before the court on Plaintiff's second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 20). Leave to proceed in forma pauperis has been granted.

Upon review of the second amended complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to some or all of the named Defendants. The court will therefore allow Plaintiff an opportunity to clarify his allegations in a third amended complaint.

Plaintiff, an inmate at the Santa Rosa Correctional Institution (SRCI), names three Defendants in this action: Walter McNeil, Secretary of the Florida Department of Corrections (DOC); Warden Ellis, the warden of Santa Rosa Correctional Institution (SRCI); and Dr. Rummel, the Medical Director of SRCI (Doc. 20 at 1, 2). Plaintiff alleges two unrelated claims against Defendants. In his first claim, Plaintiff contends Secretary McNeil and Warden Ellis violated his due process rights by implementing an inadequate administrative grievance process and failing to respond to his grievances (*id.* at 5–9). Plaintiff states the DOC grievance policy does not enable inmates to obtain a receipt or proof of mailing of grievances (*id.*). Plaintiff states this policy enables prison officials, including Secretary McNeil and Warden Ellis, to ignore inmate grievances or claim that grievances were never filed, thus preventing inmates from establishing a "paper trail" for purposes of demonstrating exhaustion of administrative remedies when filing lawsuits concerning conditions of confinement (*id.*).

As his second claim, Plaintiff contends Defendants violated his Eighth Amendment rights by failing to treat his liver disease, Hepatitis C (*id.* at 10–14). Plaintiff states the medical staff at SRCI have been aware of his disease since his arrival at SRCI in August of 2007, but he has been told there is no available treatment (*id.*). Plaintiff states his last blood test revealed that his disease has worsened, but he still has not received treatment (*id.*). Plaintiff states he filed grievances concerning this issue, but he never received a response (*id.*). As relief, Plaintiff seeks monetary damages for pain and suffering due to the irreversible damage to his liver that has resulted from the medical staff's failure to treat his disease (*id.* at 15).

Plaintiff's due process claim is subject to dismissal. In order to prevail on a due process claim, Plaintiff must first demonstrate that the DOC's inmate grievance procedure provided him with a constitutionally protected interest. It has been uniformly held that the mere existence of a prison grievance procedure confers no liberty interest entitled to due process protection. *See* <u>Massey v. Helman</u>, 259 F.3d 641, 647 (7th Cir. 2001); <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (holding that a state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988) (holding that "[t]here is no legitimate claim of entitlement to a grievance procedure"). Therefore, Plaintiff should drop his due process claim concerning inadequacies in the inmate grievance procedure and Defendants' alleged mishandling of his grievances.

In amending his complaint, Plaintiff should carefully review the foregoing to determine whether the facts of his case satisfy the standards for asserting constitutional claims. If Plaintiff determines he wishes to proceed with this action, he must file an amended complaint clarifying his allegations. Plaintiff shall completely fill out a new civil rights complaint form, marking it "<u>Third Amended Complaint</u>." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how

each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. In the section entitled "Statement of Claim," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this court. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature and keep an identical copy for himself. He should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint, except for copies of necessary administrative grievances. The court will notify Plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, Plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, Plaintiff is advised that discovery is premature at this stage of the case, and Plaintiff should not do any discovery without leave of court.

Accordingly, it is **ORDERED**:

1. The clerk shall send Plaintiff a form for use in civil rights cases filed prisoners. This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order Plaintiff shall file a third amended complaint that complies with this order. Plaintiff should completely fill out the new complaint form, marking it "Third Amended Complaint."

3. Plaintiff's failure to comply with this order may result in a recommendation that this case be dismissed.

**DONE AND ORDERED** this 15th day of July 2009.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**