IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VICTOR CHARLES ZERBY,
      Plaintiff,

vs.                                  Case No.: 3:09cv75/LAC/EMT

FLORIDA DEPT. OF CORRECTIONS, et al.,
      Defendants.
_____/

## <u>ORDER</u>

This cause is before the court on Plaintiff's third amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 24).  Leave to proceed in forma pauperis has been granted.  Upon review of the third amended complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to some or all of the named Defendants.  The court will therefore allow Plaintiff an opportunity to clarify his allegations in a fourth amended complaint.

Plaintiff, an inmate at the Santa Rosa Correctional Institution (SRCI), names three Defendants in this action:  Nurse Williams, Dr. Neives, and Dr. Pacheco (Doc. 24 at 1–2).  Plaintiff contends Defendants violated his Eighth Amendment rights by failing to treat his liver disease, Hepatitis C (*id.* at 5–11).  Plaintiff states that in June of 2004, he was diagnosed with Hepatitis C (*id.* at 7).  In August of 2007, upon his arrival at SRCI, he completed a medical questionnaire and indicated that he had Hepatitis C (*id.* at 5, 6).  He additionally informed Nurse Williams of his condition and requested that he be placed in the "chronic care program" with the medical department (*id.* at 5).  Nurse Williams responded that SRCI did not have a chronic care program for Hepatitis C (*id.*).  Nurse Williams did not schedule a doctor's visit or any further treatment for Plaintiff's condition (*id.*).

On August 21, 2008, Plaintiff saw an institutional doctor, Dr. Minor (who is not a named Defendant in this case), for the first time, complaining of joint pain (*id.* at 6).  Plaintiff asked Dr. Minor if the joint pain was related to his Hepatitis C (*id.*).  Dr. Minor summoned Nurse Williams

into the room and asked her why there was no record of Plaintiff's having been seen by a doctor concerning his Hepatitis C (*id.*). Nurse Williams responded that the medical department was not aware of his condition (*id.*). Plaintiff told Dr. Minor that he disclosed his condition both on the questionnaire and verbally to Nurse Williams one year prior (*id.*). When Dr. Minor showed Nurse Williams the questionnaire, she responded, "We never look at those." (*id.*). Dr. Minor then scheduled a blood test for Plaintiff (*id.*).

Two weeks later, in September of 2008, Plaintiff met with Dr. Neives to review the results of his blood test (*id.*). The blood test confirmed that Plaintiff suffered from Hepatitis C (*id.* at 7). Plaintiff asked Dr. Neives when he could begin treatment for the condition, and Dr. Neives responded that the only treatment he would receive was another blood test in three (3) months (*id.*).

On month later, on October 10, 2008, Plaintiff met with Dr. Pacheco (*id.*). Dr. Pacheco reviewed Plaintiff's blood test results and examined Plaintiff's ears, lungs, heart, and feet (*id.*). Plaintiff requested treatment of his liver condition the drug Interferon, but Dr. Pacheco responded that Plaintiff was "fine" and did not need Interferon (*id.*). Dr. Pacheco scheduled another blood test for Plaintiff (*id.*). The next month, in November of 2008, Plaintiff again met with Dr. Pacheco (*id.*). Dr. Pacheco informed Plaintiff that his condition had worsened, but it was "nothing to worry about" (*id.*). Plaintiff again requested treatment with Interferon, but Dr. Pacheco responded that Plaintiff was overreacting, and treatment with Interferon was unnecessary (*id.*). Dr. Pacheco scheduled another blood test for Plaintiff in six (6) months (*id.*). Plaintiff met with Dr. Pacheco in June of 2009 to review the results of this blood test (*id.* at 8). Dr. Pacheco informed Plaintiff that he was "fine" and scheduled another blood test for Plaintiff in six (6) months (*id.*). Plaintiff against requested treatment in the form of medication, and Dr. Pacheco responded by directing Plaintiff to leave the examination room (*id.*).

Plaintiff filed grievances concerning the medical staff's failure to treat his Hepatitis C with Interferon (*id.* at 9). His grievances were denied on the ground that he had only a mild case of Hepatitis C, which required only monitoring through routine blood tests (*id.*).

Plaintiff claims that Defendants' failure to order a liver biopsy and Interferon treatment constitutes deliberate indifference to his medical condition. Plaintiff states he has experienced mental anguish and stress as a result of Defendants' failure to provide treatment (*id.*). He

additionally states he suffers from joint pain, stomach pain where his liver is located, and fatigue, and, according to his research, this pain is closely associated with his liver condition (*id.*). As relief, he seeks monetary damages for pain and suffering due to the irreversible damage to his liver that has resulted from the medical staff's failure to treat his disease (*id.* at 15).

It is well settled that the government has a constitutional duty to provide minimally adequate medical care to prisoners. Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991). Medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* at 1505 (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Incidents of mere negligence or malpractice do not rise to the level of constitutional violations. *Id.* (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

Stating an Eighth Amendment claim of denial of adequate medical care requires satisfying both an objective and subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "'denying the minimal civilized measure of life's necessities.'" *Id.* (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (internal quotation omitted)). Second, the prison officials must possess a subjective intent to use the medical deprivation as a means of punishment. *Id.* (citations omitted).

Both the objective and subjective components encompass two subsidiary requirements. Taylor, 221 F.3d at 1258. As to the objective prong, an objectively serious deprivation requires showing an objectively "serious medical need." Estelle, 429 U.S. at 104. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002); *see* Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm."). In addition, an objectively serious deprivation requires showing the response made by Defendants to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105–06 (internal

quotation marks omitted); *see* <u>Taylor</u>, 221 F.3d at 1257; *see also* <u>Adams v. Poag</u>, 61 F.3d 1537, 1543–44 (11th Cir. 1995).

To show the required subjective intent to punish, Plaintiff must demonstrate that Defendants acted with an attitude of "deliberate indifference." <u>Estelle</u>, 429 U.S. at 105. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." <u>Farrow v. West</u>, 320 F.3d 1235, 1245–46 (11th Cir. 2003) (citing <u>McElligott v. Foley</u>, 182 F.3d 1248, 1255 (11th Cir. 1999) and <u>Taylor</u>, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. <u>Harris v. Coweta County</u>, 21 F.3d 388, 393 (11th Cir. 1994). However, where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. <u>Harris</u>, 941 F.2d at 1507 (quoting <u>Waldrop v. Evans</u>, 871 F.2d 1030, 1035 (11th Cir. 1989)). To do otherwise would be "to constitutionalize claims that sound in tort law." <u>Hamm v. DeKalb County</u>, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted).

In the instant case, the facts fail to show that Dr. Neive and Dr. Pacheco subjectively knew that their continuing to monitor Plaintiff's condition instead of ordering a biopsy or prescribing Interferon posed a substantial risk of serious harm to Plaintiff's health. Upon becoming aware of Plaintiff's condition, Dr. Neive and Dr. Pacheco immediately ordered monitoring of Plaintiff's condition through routine blood tests. Additionally, Dr. Pacheco's comments, after reviewing the results of Plaintiff's blood tests, that Plaintiff was "fine," his condition was "nothing to worry about," and Plaintiff did not require treatment with Interferon suggest that Dr. Pacheco sincerely and honestly believed that monitoring Plaintiff's condition through blood tests posed no risk of serious harm. Furthermore, although Plaintiff alleges he suffers joint pain, stomach pain where his liver is located, and fatigue, he does not allege that Dr. Neive or Dr. Pacheco was aware of these symptoms. The complaint simply fails to allege sufficient facts showing that Dr. Nieve or Dr. Pacheco was aware that refusing to order a biopsy or Interferon treatment posed a substantial risk of serious harm

to Plaintiff.  *See* Hines v. Anderson, 547 F.3d 915, 921 (8th Cir. 2009) (no evidence of constitutional violation regarding failure to treat inmates' Hepatitis C where evidence showed that Department of Corrections had guidelines in place to determine whether treatment for Hepatitis C was necessary, and there was no evidence that use of guidelines resulted in harm to inmates or that Department was deliberately disregarding Hepatitis C diagnoses); Salahuddin v. Goord, 467 F.3d 263, 282 (2d Cir. 2006) (defendant doctor's response to inmate's grievance concerning failure to order liver biopsy in response to plaintiff's Hepatitis C was direct evidence that doctor was not aware of substantial risk that postponing biopsy would cause serious harm, where doctor expressed his belief that because Hepatitis C leads to cirrhosis only over 20 to 30 years, plaintiff was in no immediate danger and there was no urgency for livery biopsy; therefore, plaintiff failed to state a constitutional violation).  Unless Plaintiff amends his complaint to include sufficient facts showing that Dr. Nieve and Dr. Pacheco were aware that their failure to do more than monitor Plaintiff's condition posed a substantial risk of serious harm to Plaintiff's health, this claim will be subject to dismissal.

In amending his complaint, Plaintiff should carefully review the foregoing to determine whether the facts of his case satisfy the standards for asserting constitutional claims.  If Plaintiff determines he wishes to proceed with this action, he must file an amended complaint clarifying his allegations.  Plaintiff shall completely fill out a new civil rights complaint form, marking it "Fourth Amended Complaint."  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts.  In the section titled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations.  Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this court.  Plaintiff is advised that the amended complaint must contain all of his

allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature and keep an identical copy for himself. He should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify Plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, Plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, Plaintiff is advised that discovery is premature at this stage of the case, and Plaintiff should not do any discovery without leave of court.

Accordingly, it is **ORDERED**:

1. The clerk shall send Plaintiff a form for use in civil rights cases filed by prisoners. This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order Plaintiff shall file a fourth amended complaint that complies with this order. Plaintiff should completely fill out the new complaint form, marking it "Fourth Amended Complaint."

3. Plaintiff's failure to comply with this order may result in a recommendation that this case be dismissed.

**DONE AND ORDERED** this 10th day of August 2009.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:09cv75/LAC/EMT